IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TRACY HAGYE and ASHLYN PENICK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SERVALL, LLC<br><br>Defendant. | Dkt. No. **1:20-cv-1196**<br>**JURY TRIAL DEMANDED**<br><br>**FLSA COLLECTIVE ACTION** |

# COMPLAINT

COME now the Plaintiffs, Tracy Hagye and Ashlyn Penick, individually and on behalf of all other similarly situated persons, and allege the following against the named Defendant:

### I. PARTIES, JURISDICTION, AND VENUE

1. This is an action to recover wages and damages owed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. This action is brought as a collective action under the FLSA, 29 U.S.C. § 216(b) to recover unpaid wages, overtime wages, liquidated damages, attorneys' fees and other statutory penalties resulting from violations of the FLSA.

3. This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331.

4. Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

5. Named Plaintiffs and all of the putative class members were nonexempt, hourly employees who worked for the Defendant and were subject to the same unlawful pay practices in violation of the FLSA as alleged herein.

6. Defendant, Servall, LLC, is a Tennessee Corporation, duly incorporated under the laws of the State of Tennessee, doing business in Tennessee, with its corporate offices located in Paris, Henry County, Tennessee and is subject to the requirements and prohibitions in the FLSA and is and was the employer of all relevant individuals working for it at all locations, both named and unnamed herein, including the Plaintiff and all members of the putative class. Service of process may be obtained on Defendant by serving designated agent for service of process, Jerry Lewis at the address listed with the Tennessee Secretary of State, 900 Tyson Ave., Paris, Tennessee 38242-5356.

7. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R § 791.2 (a)(2012) as well as a "person" within the meaning of 29 U.S.C. § 203(a).

## II. FLSA COLLECTIVE ACTION ALLEGATIONS

8. Pursuant to 29 U.S.C. § 216(b), named Plaintiffs bring this action on behalf of themselves and all persons who presently and formerly employed by Defendant in non-exempt positions subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Plaintiffs" or "Plaintiff class members").

9. Named Plaintiffs and the Plaintiff class members are and were subjected to the same unlawful wage policies and practices described herein.

10. Named Plaintiffs and Plaintiff class members are similarly situated, perform non-exempt job duties and are all subject to Defendant's unlawful policies and practices as described herein.

11. Upon information and belief, there are numerous similarly situated current and former employees of Defendant who were not paid for all of the hours they worked, required to work off the clock on a regular basis and/or were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

12. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

13. Therefore, named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

### III. FACTS

14. Defendant hired the named Plaintiffs and Plaintiff class members to work in the office, as route drivers and at various other positions at several locations in Tennessee and Kentucky. Plaintiffs and Plaintiff class members engaged in nonexempt work for the Defendant for a period within three years of the date of the filing of this complaint. Named Plaintiffs both worked for Defendant at its Martin, Tennessee location.

15. The named Plaintiffs and Plaintiff class members would regularly work in excess of 40 hours per week. Named Plaintiff, Tracy Hagye and some of the other Plaintiff class members would regularly work in excess of 40 hours per week but were only paid for 40 hours of work each week.

16. Named Plaintiff Ashlyn Penick was a route driver for the Defendant. Plaintiff Penick and the other route drivers would often work over 40 hours per week driving their routes, without being paid an overtime premium. In addition to the hours they worked driving their routes each day, Ms. Penick and the other route drivers were required to work off the clock each day after their route driving duties were completed. Each route driver was required to call customers and schedule their appointments for the next day but were not paid for this time, resulting in substantial unpaid time each week.

16. Defendant's failure to pay the named Plaintiffs and Plaintiff class members for all time worked resulted, not only in them not being paid for all of the hours they worked but required them to work time in excess of 40 hours per week for which they were not paid an overtime premium.

17. Defendant failed to maintain accurate time records of the time the named Plaintiffs and Plaintiff class members worked each week.

## PAYMENT FOR ALL TIME WORKED

18. The Named Plaintiffs and Plaintiff class members were not paid for all the time that they worked each week.

19. The Defendant improperly failed to compensate the Named Plaintiffs and Plaintiff class members for all time they were at work discharging their work-related duties.

## OVERTIME COMPENSATION

20. The Named Plaintiffs and Plaintiff class members were regularly required to work over forty hours per week.

21. The Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in one work week over forty hours.

This is commonly known as the time-and-a-half pay for overtime work.

22. Despite working overtime, the Named Plaintiffs and Plaintiff class members were not paid time and one-half pay from Defendant for overtime worked as set out above.

## **WILLFUL VIOLATIONS**

23. On information and belief, Defendant has for more than 3 years, willingly, deliberately and intentionally refused to pay Named Plaintiffs and Plaintiff class members for time actually worked, and for time and one-half pay for overtime worked.

24. Defendant willfully, deliberately and intentionally failed to pay the Named Plaintiffs and Plaintiff class members for time actually worked and for time and one-half overtime wages to Named Plaintiffs and Plaintiff class members who worked over forty hours per week.

25. Defendant has never claimed that the FLSA laws do not apply to the Named Plaintiffs and Plaintiff class members or that the Named Plaintiffs and Plaintiff class members are exempt from these requirements.

26. Named Plaintiffs and Plaintiff class members are, therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by Defendant, who willingly and knowingly withheld those wages as well as liquidated damages for these willful and knowing violations.

## IV. STATEMENT OF CLAIMS

29 U.S.C. §§ 207, 216

### VIOLATIONS OF FLSA MINIMUM WAGE AND OVERTIME PROVISIONS

27. The foregoing paragraphs are included herein as though fully set forth herein.

28. Defendant is an entity covered by the requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

29. At all relevant times, Defendant is and was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* and is subject to the provisions of such Act.

30. Named Plaintiffs and Plaintiff class members at all relevant times were employees of Defendant, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

31. During the period of time that Named Plaintiffs and Plaintiff class members were employed by Defendant, the Named Plaintiffs and Plaintiff class members performed work for which they were not compensated and regularly performed for than 40 hours of work per week (overtime work) for which no additional compensation was paid to them by Defendant in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* More specifically, Defendant violated § 7 of the FLSA by failing to pay Named Plaintiff and Plaintiff class members for all the time that they worked and pay them time and one-half overtime wages to hourly non-exempt employees who constitute the Named Plaintiffs and Plaintiff class members and earned overtime pay.

32. Upon information and belief, the Defendant's pay system is and has been unilaterally imposed upon Named Plaintiffs and Plaintiff class members.

33. The Defendant's failure to compensate the Named Plaintiffs and Plaintiff class members for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

34. The Defendant's failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

35. The Defendant's failure to compensate the Named Plaintiffs and Plaintiff class members for all compensable hours was a willful and knowing violation of the FLSA.

36. As a result of Defendant's willful and knowing failure to properly compensate the Named Plaintiffs and Plaintiff class members, the Named Plaintiffs and Plaintiff class members have suffered substantial delays in receipt of wages owed and damages.

37. The Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

38. Pursuant to 29 U.S.C. §§ 207, 216, Defendant owes Named Plaintiffs and Plaintiff class members compensation for the hours they worked for which they were not paid, compensation for the overtime work for which they were not properly paid and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs

## V. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief on behalf of himself, all members of the Collective Action, and all other similarly situated individuals:

a. That the Court certify the collective group named in the instant suit as an opt-in collective action under 29 U.S.C. § 216(b);

b. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

c. That the Court issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

d. That the Court enjoin the Defendant from committing further violations of the Fair Labor Standards Act;

  e. That the Court award the named Plaintiffs and collective group members compensatory damages and an equal amount of liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b);

  f. That the Court award the named Plaintiffs and the collective group's reasonable attorney's fees, costs, and expenses;

  g. That the Court order the Defendant to make the named Plaintiffs and the collective group members whole by providing appropriate back pay and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

  h. That the Court award the named Plaintiffs and the collective group members such additional relief as the interests of justice may require;

  i. That a jury be impaneled to try this cause.

            Respectfully submitted,

            WEINMAN & ASSOCIATES

            s/ Michael L. Weinman
            Michael L. Weinman (#015074)
            101 N. Highland Ave.
            P. O. Box 266
            Jackson, TN 38302
            Telephone: 731-423-5565
            Facsimile:  731-423-5372
            Email: mike@weinmanthomas.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of August, 2020, I electronically filed the foregoing document (Complaint) with the Court's ECF system. Service of this Complaint will be made on Defendant with a summons to be issued by the Clerk per the Federal Rules of Civil Procedure.

            s/ Michael L. Weinman
            Michael L. Weinman (#015074)